JEFFREY S. CHIESA
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
*Attorney for Defendants State of New Jersey,
New Jersey Department of Corrections and
George W. Hayman*

By: Roshan D. Shah
Deputy Attorney General
(609) 633-8687
roshan.shah@dol.lps.state.nj.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| ESTATE OF SHAKEENA DEAN by her ADMINISTRATOR AD PROSEQUENDUM MUTIAH DEAN, Plaintiff, | Civil Action No. |
| v. | **NOTICE OF REMOVAL** |
| STATE OF NEW JERSEY, et al., Defendants. | |

Defendants State of New Jersey, New Jersey Department of Corrections and George W. Hayman ("Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove this action, which has been pending as Docket No. MER-L-3004-11 in the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey. As grounds for removal, Defendants state the following:

1. Complaint: On December 2, 2011, Plaintiff Estate of Shakeena Dean, by her Administrator Ad Prosequendum, Mutiah Dean ("Plaintiff"), filed a Complaint in the Superior Court of New Jersey, Law Division. A copy of the Complaint is attached as Exhibit A.

Decedent Shakeena Dean was an inmate formerly incarcerated at Edna Mahon Correctional Facility. Plaintiff alleges the State Defendants displayed deliberate indifference to Ms. Dean's medical needs, which ultimately led to her death on December 20, 2009. See Complaint, Ex. A, ¶¶ 19-24. Plaintiff has asserted claims under the United States Constitution, specifically the Eighth Amendment, pursuant to 42 U.S.C. § 1983. Id., ¶¶ 19-20. In addition, plaintiff has asserted claims under New Jersey state law. Id. at ¶ 23.

2. Basis for Jurisdiction in this Court: The basis for jurisdiction in this Court is federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff has asserted a claim premised on the Eighth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983. See Complaint, Ex. A, ¶ 20.

3. Timeliness of Removal: The State of New Jersey received a copy of the Complaint on January 4, 2012. The New Jersey Department of Corrections and former Commissioner George W. Hayman received a copy of the Complaint on January 5, 2012. Accordingly, this Notice of Removal is timely filed within the thirty days allotted for removal by 28 U.S.C. § 1446(b).

4. Pleadings and Process: Pursuant to 28 U.S.C.

§ 1446(a) and L. Civ. R. 5.2, a copy of all process, pleadings, orders and other documents on file in the state court are attached as Exhibit B.

5. Consent to Removal: All parties known to be properly served have consented to removal of this action.

6. Notice Given: State Defendants will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), and will file a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, in Mercer County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, State of New Jersey, New Jersey Department of Corrections and George W. Hayman respectfully request that this cause be removed from the Superior Court of New Jersey, Law Division, Mercer County, New Jersey, that this Court exercise jurisdiction over this matter, and that this Court grant any and all other appropriate relief.

Respectfully submitted,

JEFFREY S. CHIESA
ATTORNEY GENERAL OF NEW JERSEY

DATED: January 26, 2012 By: s/Roshan D. Shah
Roshan D. Shah
Deputy Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2012, the foregoing was filed electronically with the Clerk of the Court and will be served upon all parties of record via regular mail as follows:

Dawn S. Deweil
Law Offices of Craig Rothenberg
2444 Morris Avenue, Suite 206
Union, NJ 07083
*Attorney for Plaintiff*

Anthony Pasquarelli
Sweet Pasquarelli, P.C.
17a Joyce Kilmer Ave North
New Brunswick, NJ 08903
*Attorney for The Kintock Group*

s/Roshan D. Shah
Roshan D. Shah
Deputy Attorney General

# Exhibit A

FILED
DEC 02 2011
SUPERIOR COURT OF NJ
MERCER COUNTY
CIVIL DIVISION

( ) Cash (X) Check
( ) Money Order
Fee Paid & Entered
DEC 05 2011
# 3318
Amount $ 200.00
Batch # 273
Sue Regan
Deputy Clerk of Superior Court

**LAW OFFICES OF CRAIG M.ROTHENBERG**
**2444 Morris Avenue, Suite 206**
**Union, New Jersey 07083**
**(908)688-5111**
Attorney for Plaintiff(s),
ESTATE OF SHAKEENA DEAN

---

| | |
|---|---|
| ESTATE OF SHAKEENA DEAN by her ADMINISTRATOR AD PROSEQUENDUM MUTIAH DEAN,<br><br>Plaintiff(s),<br><br>v.<br><br>STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND,D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious),<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br>DOCKET NO: MER-L- 3004-11<br><br>**CIVIL ACTION**<br><br>**COMPLAINT and JURY DEMAND** |

---

Plaintiffs, ESTATE OF SHAKEENA DEAN, by her ADMINSTRATOR AD PROSEQUENDUM MUTIAH DEAN, residing at 36B Mravalag Manor, Elizabeth, New Jersey, by way of Complaint and jury demand against the defendants, sets forth the following:

**FIRST COUNT**

1. Letters of Adminstration Ad Prosequendum were granted by the Probate Division of the Superior Court of New Jersey by the Essex County Surrogate's office to the plaintiff MUTIAH DEAN for the purpose of prosecuting claims on behalf of the ESTATE OF SHAKEENA DEAN.

2. The aforementioned SHAKEENA DEAN, deceased, leaves surviving MUTIAH DEAN, her daughter and Administrator Ad Prosequendum of her Estate as well as a minor daughter, ZANIYAH DEAN, both of whom have sustained pecuniary injuries resulting from said death.

3. This action was commenced within two (2) years of the death of SHAKEENA DEAN.

4. At all relevant times herein defendant THE STATE OF NEW JERSEY and THE NEW JERSEY DEPARTMENT OF CORRECTIONS were and are public entities of and within THE STATE OF NEW JERSEY.

5. At all relevant times herein defendant EDNA MAHAN CORRECTIONAL FACILITY was and is a prison facility owned, operated, controlled, run on behalf of and under the direction

of THE STATE OF NEW JERSEY and THE NEW JERSEY DEPARTMENT OF CORRECTIONS and/or acting under the color of law within THE STATE OF NEW JERSEY.

6. At all relevant times herein defendants GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), are as yet unknown and unidentified municipal, county, or state officials, supervisors, agents or employees or entities acting on behalf of and under the direction of THE STATE OF NEW JERSEY and THE NEW JERSEY DEPARTMENT OF CORRECTIONS and or acting under the color of law within THE STATE OF NEW JERSEY.

7. On or before December 2009, SHAKEENA DEAN was incarcerated at EDNA MAHON PRISON.

8. Defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), failed to properly, timely and/or appropriately render necessary and appropriate medical treatment and would not allow the decedent, SHAKEENA DEAN, to be timely transported to the hospital.

9. Defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN

CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), denied the decedent, SHAKEENA DEAN, access to proper medical care for her severe illness.

10. At all times relevant hereto the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), knew or should have known that decedent SHAKEENA DEAN was in need of acute medical care.

11. At all times relevant hereto, Plaintiff's decedent SHAKEEN DEAN, the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), denied decedent SHAKEENA DEAN access to necessary and appropriate medical care.

12. At all times relevant hereto, as a consequence of her illness, SHAKEENA DEAN had serious medical needs.

13. At all times relevant hereto SHAKEEN DEAN had been diagnosed by a physician who believed she needed medical treatment.

14. At all times relevant hereto the medical needs of SHAKEENA DEAN were so obvious that a lay person would easily

recognize the necessity for an emergency department/hospital's attention.

15. At all times relevant hereto, the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), were guilty of acts and or omissions which indicated a deliberate indifference to the serious medical needs of SHAKEENA DEAN.

16. At all time relevant hereto, the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE,

M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), knew of and disregarded an excessive risk to the health of SHAKEENA DEAN.

17. At all time relevant hereto, the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), ignored objective evidence that SHAKEENA DEAN had serious need for medical care.

18. At all time relevant hereto, the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), through their acts and or omissions inflicted unnecessary and wanton pain and showed a deliberate indifference to the medical needs of SHAKEENA DEAN.

19. At all times relevant hereto, the defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT

STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), violated the civil rights of plaintiff's decedent protected and secured under the provisions of the United States Constitution, specifically the Eighth Amendment and the rights conferred to adequate medical care.

20. At all times relevant hereto, the defendants, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), violated the civil rights of plaintiff protected and secured under the provisions of the New Jersey and United States Constitutions and under the

laws of New Jersey and the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1981, 1983, and Title 43 of the United States Code, Section 1985 (2) et.seq.

21. At all relevant times herein, defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), were acting under color of state law and within the scope of their authority as agents, employees and/or officers of THE STATE OF NEW JERSEY and or its agencies.

22. Decedent SHAKEENA DEAN was finally taken to St. Francis Medical Center in Trenton, NJ on the evening of December 20, 2009, where she died as a result of her illness/injury.

23. By reason of the foregoing, and as a direct and proximate result of defendant's acts and/or omissions, decedent SHAKEENA DEAN sustained serious and severe injuries, pain and suffering, loss of use and function, economic damages, had her civil rights violated and suffered wrongful death, including claims of wrongful death (N.J.S.A. 34:15-40) and survival (N.J.S.A. 2A:15-3) pursuant to New Jersey statute.

24. Plaintiffs have filed a timely Notice of Claim against the defendant(s), STATE OF NEW JERSEY and NEW JERSEY DEPARTMENT OF CORRECTIONS, pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:8-1, et seq., whether it was required by law or not, and has waited the jurisdictional six (6) months before filing this action.

WHEREFORE plaintiff ESTATE OF SHAKEENA DEAN, and the decedent's surviving next of kin, dependents, and/or beneficiaries, by her ADMINISTRATOR AD PROSEQUENDUM MUTIAH DEAN, demands judgment against defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE

PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), jointly and severally, for compensatory and punitive damages, together with interest, cost of suit, attorneys' fees, and such other relief as the Court may deem just and appropriate.

**SECOND COUNT**

1. Plaintiffs repeat, reallege and incorporate all allegations contained within the each and every of the complaint as if same are set forth at length herein.

2. At all times relevant hereto the decedent, SHAKEENA DEAN, first came under the care of defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing

persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious) for the purposes of medical examination, diagnosis and/or treatment.

3. At all times relevant hereto the defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious) were careless, negligent, and/or professionally negligent and did deviate from the accepted standards of medical care in the care and treatment provided to the decedent, SHAKEENA DEAN, in that they failed to properly examine, diagnose, treat or refer for diagnosis and treatment prior to, during and after the time of treatment.

4. At all times relevant hereto the careless, negligent, and/or professionally negligent acts and/or omissions of the defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO,

M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious) caused direct physical, psychological, emotional and/or other injury to the decedent, SHAKEENA DEAN.

5. As a result of the careless, negligent, and/or professionally negligent acts and/or omissions of defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ

CORPORATION, (said name being fictitious), the decedent, SHAKEENA DEAN, was caused to live in and suffered great pain, anguish, fear and upset from the time of the negligence until his death on December 20, 2009, incurred great expenses for care in an attempt to alleviate the pain and suffering prior to her death, and said negligence, recklessness and/or professional negligence did cause her death.

WHEREFORE plaintiff ESTATE OF SHAKEENA DEAN, and the decedent's surviving next of kin, dependents, and/or beneficiaries, by her ADMINISTRATOR AD PROSEQUENDUM MUTIAH DEAN, demand judgment against the defendant(s) STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious) for damages, economic and non-economic, survivorship, wrongful death and all other damages permitted under N.J.S.A. 2A:31-1 et. seq., together with interest and

costs of suit and all other damages allowed by the Rules of Court.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) trial by jury.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, notice is hereby given that Craig M. Rothenberg, Esq. is designated as trial counsel in the within matter.

**NOTICE OF OTHER ACTIONS**

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated court action or arbitration nor am I presently aware of any other party who should be joined in this action.

**NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)**

Please take notice that the undersigned attorneys, counsel for the plaintiffs, do hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other material referred to therein, upon the undersigned attorneys. Please take notice that this is a continuing demand.

LAW OFFICES OF CRAIG M. ROTHENBERG
Attorneys for plaintiff,

By: [signature]
DAWN S. DEWEIL

Dated: November 30, 2011

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO. DEC 02 2011
AMOUNT: SUPERIOR COURT OF NJ MERCER COUNTY
OVERPAYMENT: CIVIL DIVISION
BATCH NUMBER:

| | | |
|---|---|---|
| ATTORNEY / PRO SE NAME: Craig M. Rothenberg | TELEPHONE NUMBER: (908) 688-5111 | COUNTY OF VENUE: Mercer |
| FIRM NAME (if applicable): Law Offices of Craig M. Rothenberg | | DOCKET NUMBER (when available): L-3004-11 |
| OFFICE ADDRESS: 2444 Morris Avenue<br>Suite 206<br>Union, NJ 07083 | | DOCUMENT TYPE: Complaint |
| | | JURY DEMAND ■ YES ☐ NO |

| | |
|---|---|
| NAME OF PARTY (e.g., John Doe, Plaintiff): Estate of Shakeena Dean, Plaintiff | CAPTION: Estate of Dean v. State of New Jersey, et al. |
| CASE TYPE NUMBER (See reverse side for listing): 604, 005 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ■ YES ☐ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING? ☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION
Civil Rights violations/Medical Malpractice/Wrongful Death/Survivorship

| | |
|---|---|
| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE: [signature]

Effective 01/03/2011, CN 10517-English

Side 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
280 ZELNORM
285 STRYKER TRIDENT HIP IMPLANTS
288 PRUDENTIAL TORT LITIGATION
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD

**Mass Tort (Track IV)**
248 CIBA GEIGY
266 HORMONE REPLACEMENT THERAPY (HRT)
271 ACCUTANE
274 RISPERDAL/SEROQUEL/ZYPREXA
275 ORTHO EVRA
277 MAHWAH TOXIC DUMP SITE
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
283 DIGITEK
284 NUVARING
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
601 ASBESTOS

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action** ☒ **Title 59**

# Exhibit B

FILED
DEC 02 2011
SUPERIOR COURT OF NJ
MERCER COUNTY
CIVIL DIVISION

( ) Cash (X) Check
( ) Money Order
Fee Paid & Entered
DEC 05 2011
# 3318
Amount $ 200.00
Batch # 773
Sue Regan
Deputy Clerk of Superior Court

**LAW OFFICES OF CRAIG M.ROTHENBERG**
**2444 Morris Avenue, Suite 206**
**Union, New Jersey 07083**
**(908) 688-5111**
Attorney for Plaintiff(s),
ESTATE OF SHAKEENA DEAN

| | |
|---|---|
| ESTATE OF SHAKEENA DEAN by her ADMINISTRATOR AD PROSEQUENDUM MUTIAH DEAN,<br><br>Plaintiff(s),<br><br>v.<br><br>STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious),<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br>DOCKET NO: MER-L- 3004-11<br><br>**CIVIL ACTION**<br><br>**COMPLAINT and JURY DEMAND** |

Plaintiffs, ESTATE OF SHAKEENA DEAN, by her ADMINSTRATOR AD PROSEQUENDUM MUTIAH DEAN, residing at 36B Mravalag Manor, Elizabeth, New Jersey, by way of Complaint and jury demand against the defendants, sets forth the following:

**FIRST COUNT**

1. Letters of Adminstration Ad Prosequendum were granted by the Probate Division of the Superior Court of New Jersey by the Essex County Surrogate's office to the plaintiff MUTIAH DEAN for the purpose of prosecuting claims on behalf of the ESTATE OF SHAKEENA DEAN.

2. The aforementioned SHAKEENA DEAN, deceased, leaves surviving MUTIAH DEAN, her daughter and Administrator Ad Prosequendum of her Estate as well as a minor daughter, ZANIYAH DEAN, both of whom have sustained pecuniary injuries resulting from said death.

3. This action was commenced within two (2) years of the death of SHAKEENA DEAN.

4. At all relevant times herein defendant THE STATE OF NEW JERSEY and THE NEW JERSEY DEPARTMENT OF CORRECTIONS were and are public entities of and within THE STATE OF NEW JERSEY.

5. At all relevant times herein defendant EDNA MAHAN CORRECTIONAL FACILITY was and is a prison facility owned, operated, controlled, run on behalf of and under the direction

of THE STATE OF NEW JERSEY and THE NEW JERSEY DEPARTMENT OF CORRECTIONS and/or acting under the color of law within THE STATE OF NEW JERSEY.

6. At all relevant times herein defendants GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), are as yet unknown and unidentified municipal, county, or state officials, supervisors, agents or employees or entities acting on behalf of and under the direction of THE STATE OF NEW JERSEY and THE NEW JERSEY DEPARTMENT OF CORRECTIONS and or acting under the color of law within THE STATE OF NEW JERSEY.

7. On or before December 2009, SHAKEENA DEAN was incarcerated at EDNA MAHON PRISON.

8. Defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), failed to properly, timely and/or appropriately render necessary and appropriate medical treatment and would not allow the decedent, SHAKEENA DEAN, to be timely transported to the hospital.

9. Defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN

CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), denied the decedent, SHAKEENA DEAN, access to proper medical care for her severe illness.

10. At all times relevant hereto the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), knew or should have known that decedent SHAKEENA DEAN was in need of acute medical care.

11. At all times relevant hereto, Plaintiff's decedent SHAKEEN DEAN, the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), denied decedent SHAKEENA DEAN access to necessary and appropriate medical care.

12. At all times relevant hereto, as a consequence of her illness, SHAKEENA DEAN had serious medical needs.

13. At all times relevant hereto SHAKEEN DEAN had been diagnosed by a physician who believed she needed medical treatment.

14. At all times relevant hereto the medical needs of SHAKEENA DEAN were so obvious that a lay person would easily

recognize the necessity for an emergency department/hospital's attention.

15. At all times relevant hereto, the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), were guilty of acts and or omissions which indicated a deliberate indifference to the serious medical needs of SHAKEENA DEAN.

16. At all time relevant hereto, the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE,

M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), knew of and disregarded an excessive risk to the health of SHAKEENA DEAN.

17. At all time relevant hereto, the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), ignored objective evidence that SHAKEENA DEAN had serious need for medical care.

18. At all time relevant hereto, the defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), through their acts and or omissions inflicted unnecessary and wanton pain and showed a deliberate indifference to the medical needs of SHAKEENA DEAN.

19. At all times relevant hereto, the defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT

STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), violated the civil rights of plaintiff's decedent protected and secured under the provisions of the United States Constitution, specifically the Eighth Amendment and the rights conferred to adequate medical care.

20. At all times relevant hereto, the defendants, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), violated the civil rights of plaintiff protected and secured under the provisions of the New Jersey and United States Constitutions and under the

laws of New Jersey and the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1981, 1983, and Title 43 of the United States Code, Section 1985 (2) et.seq.

21. At all relevant times herein, defendants STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), were acting under color of state law and within the scope of their authority as agents, employees and/or officers of THE STATE OF NEW JERSEY and or its agencies.

22. Decedent SHAKEENA DEAN was finally taken to St. Francis Medical Center in Trenton, NJ on the evening of December 20, 2009, where she died as a result of her illness/injury.

23. By reason of the foregoing, and as a direct and proximate result of defendant's acts and/or omissions, decedent SHAKEENA DEAN sustained serious and severe injuries, pain and suffering, loss of use and function, economic damages, had her civil rights violated and suffered wrongful death, including claims of wrongful death (N.J.S.A. 34:15-40) and survival (N.J.S.A. 2A:15-3) pursuant to New Jersey statute.

24. Plaintiffs have filed a timely Notice of Claim against the defendant(s), STATE OF NEW JERSEY and NEW JERSEY DEPARTMENT OF CORRECTIONS, pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:8-1, et seq., whether it was required by law or not, and has waited the jurisdictional six (6) months before filing this action.

WHEREFORE plaintiff ESTATE OF SHAKEENA DEAN, and the decedent's surviving next of kin, dependents, and/or beneficiaries, by her ADMINISTRATOR AD PROSEQUENDUM MUTIAH DEAN, demands judgment against defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE

PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious), jointly and severally, for compensatory and punitive damages, together with interest, cost of suit, attorneys' fees, and such other relief as the Court may deem just and appropriate.

**SECOND COUNT**

1. Plaintiffs repeat, reallege and incorporate all allegations contained within the each and every of the complaint as if same are set forth at length herein.

2. At all times relevant hereto the decedent, SHAKEENA DEAN, first came under the care of defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing

persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious) for the purposes of medical examination, diagnosis and/or treatment.

3. At all times relevant hereto the defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious) were careless, negligent, and/or professionally negligent and did deviate from the accepted standards of medical care in the care and treatment provided to the decedent, SHAKEENA DEAN, in that they failed to properly examine, diagnose, treat or refer for diagnosis and treatment prior to, during and after the time of treatment.

4. At all times relevant hereto the careless, negligent, and/or professionally negligent acts and/or omissions of the defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO,

M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious) caused direct physical, psychological, emotional and/or other injury to the decedent, SHAKEENA DEAN.

5. As a result of the careless, negligent, and/or professionally negligent acts and/or omissions of defendants, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ

CORPORATION, (said name being fictitious), the decedent, SHAKEENA DEAN, was caused to live in and suffered great pain, anguish, fear and upset from the time of the negligence until his death on December 20, 2009, incurred great expenses for care in an attempt to alleviate the pain and suffering prior to her death, and said negligence, recklessness and/or professional negligence did cause her death.

WHEREFORE plaintiff ESTATE OF SHAKEENA DEAN, and the decedent's surviving next of kin, dependents, and/or beneficiaries, by her ADMINISTRATOR AD PROSEQUENDUM MUTIAH DEAN, demand judgment against the defendant(s) STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE W. HAYMAN, COMMISIONER, JENNIFER PETRILLO, M.D., JEANNE DEL NEGRO, R.N., JON HERSHKOWITZ, M.D., WENDY ROEHM, L.P.N., LARRY WILSON, R.N., ADMIRA MARAH, R.N., GRACE AMISTIC, A.P.N., "JOHN" PERERA, M.D., (said first name being fictitious), SANDRA BRAIMBRIDGE, M.D., MARTHA GUGEL, R.N., ADBUL-HADY KHEDER, M.D., STEVEN DIAMOND, D.O., EDNA MAHAN CORRECTIONAL FACILITIES, RIVERFRONT STATE PRISON, LAUREN LOBRO, COMMISSIONER, THE KINTOCK GROUP, JOHN DOE(S), JANE DOE(S) 1-10; (said names being fictitious), RICHARD ROE(S), EMS/EMT (said name being fictitious and representing persons responsible for transporting Shakeena Dean from prison to St. Francis Medical Center), and XYZ CORPORATION, (said name being fictitious) for damages, economic and non-economic, survivorship, wrongful death and all other damages permitted under N.J.S.A. 2A:31-1 et. seq., together with interest and

costs of suit and all other damages allowed by the Rules of Court.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) trial by jury.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, notice is hereby given that Craig M. Rothenberg, Esq. is designated as trial counsel in the within matter.

**NOTICE OF OTHER ACTIONS**

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated court action or arbitration nor am I presently aware of any other party who should be joined in this action.

**NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)**

Please take notice that the undersigned attorneys, counsel for the plaintiffs, do hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other material referred to therein, upon the undersigned attorneys. Please take notice that this is a continuing demand.

LAW OFFICES OF CRAIG M. ROTHENBERG
Attorneys for plaintiff,

By: [signature]
DAWN S. DEWEIL

Dated: November 30, 2011

Appendix XII-B1

FILED

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | DEC 02 2011 |
| AMOUNT: | SUPERIOR COURT OF NJ MERCER COUNTY |
| OVERPAYMENT: | CIVIL DIVISION |
| BATCH NUMBER: | |

| | | |
|---|---|---|
| ATTORNEY / PRO SE NAME: Craig M. Rothenberg | TELEPHONE NUMBER: (908) 688-5111 | COUNTY OF VENUE: Mercer |
| FIRM NAME (if applicable): Law Offices of Craig M. Rothenberg | | DOCKET NUMBER (when available): L-3004-11 |
| OFFICE ADDRESS: 2444 Morris Avenue, Suite 206, Union, NJ 07083 | | DOCUMENT TYPE: Complaint |
| | | JURY DEMAND ■ YES ☐ NO |
| NAME OF PARTY (e.g., John Doe, Plaintiff): Estate of Shakeena Dean, Plaintiff | CAPTION: Estate of Dean v. State of New Jersey, et al. | |
| CASE TYPE NUMBER (See reverse side for listing): 604, 005 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ■ YES ☐ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. | |
| RELATED CASES PENDING? ☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS | |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN | |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES ☐ NO |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

Civil Rights violations/Medical Malpractice/Wrongful Death/Survivorship

| | |
|---|---|
| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE: [signature]

Side 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280 ZELNORM
- 285 STRYKER TRIDENT HIP IMPLANTS
- 288 PRUDENTIAL TORT LITIGATION
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD

**Mass Tort (Track IV)**
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 277 MAHWAH TOXIC DUMP SITE
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 283 DIGITEK
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category ☐ Putative Class Action ☒ Title 59

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON NJ 08650-0068

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 571-4490
COURT HOURS

DATE: DECEMBER 05, 2011
RE: DEAN ET AL VS STATE OF NEW JERSEY ET AL
DOCKET: MER L -003004 11

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

DISCOVERY IS 450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON PEDRO J. JIMENEZ

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 012 AT: (609) 571-4456.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.

PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: CRAIG ROTHENBERG
ROTHENBERG & PASHAIAN
2444 MORRIS AVENUE
2ND FLOOR
UNION NJ 07083

JUWBUT0