**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
MAY 24 2012
AT 8:30_____M
WILLIAM T. WALSH
CLERK

|  |  |
|---|---|
| ESTATE OF SHAKEENA DEAN | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 12-00505 (JAP) |
| STATE OF NEW JERSEY, et al. | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

**PISANO, Judge**

This matter comes before the Court upon a Motion to Remand by Plaintiff Estate of Shakeena Dean to the Superior Court of New Jersey, Law Division, Mercer County. (DE 6.) Defendants State of New Jersey, the New Jersey Department of Corrections, and George W. Hayman ("the State Defendants") oppose the Motion. (DE 8.) The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant the Motion to Remand.

**I.    BACKGROUND**

Shakeena Dean was an inmate at Edna Mahon Prison in December 2009. (Compl., First Count, ¶ 7; DE 1, Ex. A.) On December 20, 2009, she was taken to St. Francis Medical Center in Trenton, N.J. after allegedly experiencing complications of lupus. (Pls. Br., Ex. A.) She later died as a result of her illness. (Compl., First Count, ¶ 22.) The Estate of Shakeena Dean ("Plaintiff") filed a Complaint in the Superior Court of New Jersey, Law Division, Mercer County on December 2, 2011. Plaintiff accuses the State Defendants, various medical providers,

and The Kintock Group ("Kintock"), a private company that manages halfway houses, of violations of the Eight Amendment to the United States Constitution, wrongful death, and negligence. (Compl. First Count ¶¶ 19, 20, 22, 23, Second Count ¶ 3.)

The State Defendants removed the action to this Court on January 26, 2012. (See Notice of Removal; DE 1.) As of that date, State Defendants maintain that they and Kintock were the only defendants served. (Defs. Br. at 2.) The Notice of Removal, signed by counsel for the State Defendants, asserted federal question jurisdiction based upon Plaintiff's Eighth Amendment claim as the ground for removal. (Id. ¶ 2.) The Notice of Removal also contained the following statement:

> 5.   Consent to Removal: All parties known to be properly served have consented to the removal of this action.

(Id. ¶ 5.) Apparently, Kintock gave verbal consent to the removal to counsel for the State Defendants. (See Defs. Br., Ex. A.) But Kintock did not inform separately the Court of its consent. Kintock filed an answer and cross-claims on February 1, 2012. (DE 4.) In addition, according to the State Defendants, Kintock participated in rescheduling the initial conference before Magistrate Judge Douglas E. Arpert. (Defs. Br. at 3.)

Plaintiff filed a Motion to Remand the action on February 22, 2012. (DE 6.) Plaintiff contends that the removal was procedurally defective because Kintock has not consented to the State Defendants' Notice of Removal. (Pls. Br. at 6.) The State Defendants oppose the Motion, (DE 3), arguing that Kintock consented to the removal when it verbally agreed to the same. (Defs. Br. at 3.) Moreover, State Defendants contend that the Court should infer consent from Kintock's answer and its participation in the rescheduling of the initial conference. (Id.)

2

II.     DISCUSSION

The federal removal statute provides, "A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(a) and (b). "[A]ll defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in 28 U.S.C. § 1446(b) in order to perfect removal."[1] Ogletree v. Barnes, 851 F. Supp. 184, 186 (E.D. Pa. 1994) (citing Gableman v. Peoria, D. & E. Ry. Co., 179 U.S. 335, 337 (1900); Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245 (1900)). This requirement is called the "rule of unanimity." Id.

There is disagreement among courts as to whether a defendant who does not sign the notice of removal must provide the court with written consent in order to satisfy the rule of unanimity. See Siebert v. Norwest Bank, 166 Fed. Appx. 603, 607 n.2 (3d Cir. 2006) (noting the conflict but declining to resolve it). Several circuits hold that only one attorney of record is required to sign and certify that all served defendants have consented to removal. See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009); Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201-202 (6th Cir. 2004). That interpretation of 28 U.S.C. § 1446 is based on the application of Federal Rule of Civil Procedure 11, which states that each "pleading, written motion, or other paper must be signed by at least one attorney of record," and by doing so, the attorney "certifies that . . . the factual contentions [therein] have evidentiary support." Therefore,

---

[1] There are two narrow exceptions to this requirement. See Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995). Neither of those exceptions is asserted here.

3

according to this approach, an attorney certifying pursuant to Rule 11 that all necessary defendants have consented to removal is sufficient to satisfy the rule of unanimity.

The majority view, however, is that non-signing defendants must do more than merely advise the removing defendant of their consent. Defendants must communicate their consent directly to the Court. See <u>Pritchett v. Cottrell, Inc.</u>, 512 F.3d 1057, 1062 (8th Cir. 2008); <u>Roe v. O'Donohue</u>, 38 F.3d 298, 301 (7th Cir. 1994); <u>Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America</u>, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). This also is the approach used in this district. <u>See, e.g.</u>, <u>Wal-Mart Stores, Inc. v. Elec. Ins. Co.</u>, No. 06-3132, 2007 U.S. Dist. LEXIS 3572, at *9-10 (D.N.J. Jan. 18, 2007); <u>Michaels v. State of New Jersey</u>, 955 F. Supp. 315, 321 (D.N.J. 1996).

This Court holds that in order to properly join a removal petition, a non-signing defendant must communicate consent in a writing directed to the court. It would be imprudent to allow one party to represent the position of and bind another party, without express consent. See <u>Creekmore v. Food Lion, Inc.</u>, 797 F. Supp. 505, 509 (E.D. Va. 1992) (addressing the issue of consent to removal and reasoning that "one of the primary reasons that parties may have separate counsel is to present independently their position to the court."). A writing such as "an affidavit of joinder or consent, or even a letter provides the court with a written entry that would unequivocally bind the allegedly consenting party." <u>Michaels</u>, 955 F. Supp. at 321. This procedure ensures "the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove." Additionally, Rule 11 does not guarantee that a non-signing defendant has actually consented to removal. "[I]nasmuch as Rule 11 may subject the signer of the removal notice to sanctions for failing to adequately investigate

the factual allegations therein, [] it does not bind the allegedly consenting co-defendant to the removal action." Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1238 (N.D. W. Va. 1993).

In this case, only counsel for the State Defendants signed the Notice of Removal. Kintock did not sign the Notice of Removal, was not mentioned by name in the Notice of Removal, and did not communicate to the Court its consent to removal. State Defendants point out that the failure to join all defendants in a removal petition is not a jurisdictional defect. See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). Because the defect is procedural, the State Defendants urge this Court to accept an e-mail exchange between counsel for Kintock and counsel for the State Defendants as evidence of Kintock's consent to the removal on January 26, 2012. (See Defs. Br. Ex. A.) On February, 22, 2012, State Defendants' counsel requested confirmation of Kintock's consent in mid-January. (Id.) In his reply e-mail, Kintock's counsel states, "Yes, I did consent to removal to the U.S. District Court." (Id.) This is inadequate to communicate Kintock's consent. See Michaels, 955 F. Supp. at 321 (citing Clyde v. Nat'l Data Corp., 609 F. Supp. 216, 218 (N.D. Ga. 1985)) ("[A]lthough relatively few courts have permitted defendants to voice their consent orally, even these courts have required that the oral consent be directed to the court, not merely among the defendants themselves.").

Nor does Kintock's answer filed within the thirty-day period constitute affirmative consent. The Court will not infer consent from the act of filing an answer. See Landman v. Borough of Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995) (holding that "a party's filing of an answer does not satisfy the unambiguous expression of consent required for proper removal); Peter Holding Co. v. Le Roy Foods, Inc., 107 F. Supp. 56, 57 (D.N.J. 1952) (refusing to construe a protective answer and cross-claim as consent to removal).

The Court, in sum, finds that the rule of unanimity was not satisfied because Kintock did not join in or adequately consent to removal. Further, the Court notes that Kintock has neither joined in the State Defendant's opposition to the Motion for Remand, nor has it sought to cure a defect in the Notice of Removal. Consequently, the Court will remand the case to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c).

### III.  CONCLUSION

For the reasons above, the Court grants Plaintiff's Motion to Remand. The Court remands the case to the Superior Court of New Jersey, Law Division, Mercer County. An appropriate order is filed herewith.

Dated: May 24, 2012

_____
United States District Judge